IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| **KIMBERLY CURRY,** <br><br> **Plaintiff,** <br><br> -v- <br><br> **NATIONAL CREDIT SYSTEMS, INC., TRANSUNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,** <br><br> **Defendants.** | Civil Case Number: <br><br> <u>CIVIL ACTION</u> <br><br> COMPLAINT <br> AND <br> DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Plaintiff, Kimberly Curry, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging National Credit Systems, LLC has been negligently, recklessly and knowingly reporting false information regarding the Plaintiff to the national credit reporting agencies.

2. Plaintiff further alleges that the three major consumer reporting agencies, Experian Information Solutions, Inc. (Experian), TransUnion, LLC (TransUnion) and Equifax Information Services, LLC (Equifax) have negligently and recklessly disseminated false information regarding the Plaintiff's credit.

3. Plaintiff further alleges TransUnion, Equifax and Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff, and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

4. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

5. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of Massachusetts, and violated Plaintiffs rights under the FCRA in the state of Massachusetts as alleged more fully below.

6. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

7. Plaintiff, Kimberly Curry ("Plaintiff"), is a resident of Boston, Massachusetts and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Defendant Experian Information Solutions, Inc. is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

9. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

10. Defendant Equifax Information Services, LLC is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and

disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11. Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

12. Defendant TransUnion, LLC is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

13. TransUnion, LLC is a limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

14. Defendant National Credit Systems Inc. ("NCS") is a collection agency focused on the collection of unpaid rental obligations, with its principal place of business located at 3750 Naturally Fresh Blvd, Atlanta, GA, 30349.

15. Upon information and belief, Defendant NCS is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

16. Defendant NCS is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

17. In February of 2020, Plaintiff moved out of her apartment located at 567 Massachusetts Ave, Boston, MA 02118, which premises was owned and managed by Brownstone Apartments, LLC.

18. On February 14, 2020, Plaintiff had a walk through with management and was provided a move out letter.

19. At that time, Plaintiff was told by management that she had a balance due of $1,568.75.

20. Plaintiff accordingly provided several checks to management, totaling the balance due to satisfy the amount owed as indicated in the move out letter.

21. On March 9, 2020, Brownstone Apartments cashed the first check, in the amount of $1,192.

22. On or about March 30, 2020, Brownstone Apartments cashed the second check, in the amount of $595.

23. Nevertheless Brownstone Apartments subsequently hired Defendant National Credit Systems ("NCS") to collect this same balance of $1,568.75.

24. NCS then inaccurately reported to Equifax, Experian and Transunion that the Plaintiff owed $1,568.75.

25. Plaintiff plainly does not owe NCS, Brownstone or anyone else $1,568.75. In fact, Plaintiff reached out to her property manager who confirmed that Plaintiff does not owe $1,568.75, instead providing a revised move-out letter reflecting that the Plaintiff owes a reduced balance of $893.75 (which is <u>still</u> inaccurate). However, Defendants have failed to correct this inaccurate reporting.

26. Plaintiff disputed this erroneous reporting with Experian, TransUnion and Equifax on or about April 13, 2021, to no avail. Specifically, Plaintiff wrote to the Defendants:

> You are reporting this account as having a balance of $1,568.  **This is inaccurate**.  I do not owe $1,568 to Brownstone Apartments.  This should be reported as a zero balance. I provided checks to Brownstone Apartments when I moved out – which they cashed – which covered any balance I owe them.  Brownstone Apartments has acknowledged to me that I do not owe $1,568 on this account.

27. Instead, Experian, TransUnion and Equifax all responded to Plaintiff, claiming that they had 'verified' that Mrs. Curry was indeed being properly reported as continuing to owe a $1,568.75 balance to Defendant NCS.

28. At all times pertinent hereto, Experian, TransUnion and Equifax' conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

29. At all times pertinent hereto, NCS's conduct was similarly willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

30. As a direct and proximate result the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in her daily life.  For example, Plaintiff's credit score dropped over sixty points.  Plaintiff was further unable to get the mortgage loan she needs to secure housing for herself, forcing her to live with her daughter, all as a result of the Defendants' failure to correct very basic inaccurate reporting.  Plaintiff further suffered emotional distress along with frustration and annoyance because of the Defendants' actions.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST EXPERIAN**

31. All preceding paragraphs are realleged.

32. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

33. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

34. In April 2021, Plaintiff initiated a dispute with Experian requesting that they correct a specific item in her credit file that is patently inaccurate and damaging to her.

35. Experian, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on her credit file, something that any basic investigation would have prevented.

36. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST EXPERIAN

37. All preceding paragraphs are realleged.

38. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

39. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate NCS information being reported on the Plaintiff's credit report, especially where a basic review

of NCS's account or payment records would have reflected the Plaintiff's timely payments.

40. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT III
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 16 U.S.C. § 1681i
### AGAINST EQUIFAX

41. All preceding paragraphs are realleged.

42. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

43. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

44. On In April 2021, Plaintiff initiated a dispute with Equifax requesting that they correct a specific item in her credit file that is patently inaccurate and damaging to her.

45. Equifax, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on her credit file, something that any basic investigation would have prevented.

46. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT IV
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)

**AGAINST EQUIFAX**

47. All preceding paragraphs are realleged.

48. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

49. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate NCS information being listed on the Plaintiff's credit report, especially where a basic review of NCS's account or payment records would have reflected the Plaintiff's timely payments.

50. As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

**COUNT V**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST TRANSUNION**

51. All preceding paragraphs are realleged.

52. At all times pertinent hereto, TransUnion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

53. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

54. In April 2021, Plaintiff initiated a dispute with TransUnion requesting that they correct a specific item in her credit file that is patently inaccurate and damaging to her.

55. TransUnion, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on his credit file, something that any basic investigation would have prevented.

56. As a direct and proximate result of TransUnion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT VI
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST TRANSUNION

57. All preceding paragraphs are realleged.

58. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

59. Were TransUnion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate NCS information being listed on the Plaintiff's credit report, especially where a basic review of NCS's account or payment records would have reflected the Plaintiff's timely payments.

60. As a direct and proximate result of TransUnion's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT VII
### FAILURE TO INVESTIGATE DISPUTE
### FCRA, 15 USC § 1681s-2(b)
### AGAINST NATIONAL CREDIT SERVICES

61. All preceding paragraphs are re-alleged.

62. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

63. In April 2021, Plaintiff initiated a dispute with the credit bureaus disputing the accuracy of the account being reported by NCS.

64. As evidenced by their responses to the Plaintiff, NCS received these disputes.

65. NCS was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

66. NCS failed to reasonably investigate Plaintiff's dispute. Indeed, NCS could easily have checked with the creditor who hired it, who would have confirmed that (a) Plaintiff made these payments, (b) that Plaintiff's checks had been cashed already, and that (c) Plaintiff had already been provided with a confirmation that she did not owe the reported balance of $1,568.75, exactly as Plaintiff stated in her dispute letter.

67. Even after the Plaintiff properly disputed this account with the credit reporting agencies, NCS refused to conduct a reasonable investigation and continued inaccurately reporting Ms. Curry as late on this account.

68. Indeed, NCS's on-going failures to correct Plaintiff's account information – when a basic review of its own records, and the records of the creditor who hired it, would have reflected that information - is evidence that its investigation into Plaintiff's dispute was deficient.

69. NCS's conduct violated section 1681s-2(b) of the FCRA.

70. As a result of NCS's conduct, Plaintiff was harmed, as discussed above.

## DEMAND FOR TRIAL BY JURY

71. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that the Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining the Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: May 21, 2021

By: /s/ Kevin Crick
Kevin Crick, Esq.
BBO: 680950
Rights Protection Law Group, PLLC
100 Cambridge Street, Suite 100
Boston, Massachusetts 02114
(617) 340-9225
k.crick@rightsprotect.com
*Attorney for Plaintiff*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282
*Attorney for Plaintiff*
**Pro Hac Vice Motion To Be Filed**